IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-00741-FDW-DCK

| | |
|---|---|
| GEORGE ADRONG,<br><br>        Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC.<br><br>        Defendant. | **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Pursuant to Rule 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, Local Rule 7.1, and this Court's relevant Standing Orders, Defendant Old Dominion Freight Line, Inc. ("ODFL" or "Defendant"), respectfully requests that this Court dismiss Plaintiff's Complaint (ECF No. 1), in its entirety *with prejudice*, as Plaintiff has failed to effectuate proper service; failed to exhaust his administrative remedies; and failed to plausibly state his claims under Title VII. In support of this Motion, and for the reasons more fully explained in the Memorandum of Law in Support of this Motion, filed contemporaneously herewith, Defendant shows the following:

1. Plaintiff failed to properly serve a copy of the summons and complaint upon Defendant pursuant Rule 4(h) of the Federal Rules of Civil Procedure and Rule 4(j)(6) of the North Carolina Rules of Civil Procedure. As an initial matter, Plaintiff did not deliver a copy or mail a copy of the summons and complaint to an officer, director, or registered agent of Defendant. Indeed, Plaintiff references his delivery and mailings to a "Registered Agent: Stven Bibbee" who is neither Defendant's registered agent nor an employee of the company – and certainty not an officer, director, or registered agent of ODFL. See, ECF No. 3.

2. Even assuming *arguendo* that service was proper – which is denied – Plaintiff has failed to exhaust his administrative remedies required before filing suit under Title VII. Indeed, before filing suit under Title VII, a plaintiff must first file a Charge of Discrimination with the EEOC and receive a Notice of Right to Sue letter. 42 U.S.C. § 2000e-5(e)(1); see also *Krings v. AVL Techs.*, No. 1:20 CV 259 MR WCM, 2021 U.S. Dist. LEXIS 64815, at *7 (W.D.N.C. Feb. 10, 2021) (dismissing plaintiff's claims where plaintiff filed suit before administrative remedies were exhausted). Plaintiff has failed to allege in his Complaint any fact(s) showing exhaustion of his administrative remedies or receipt of a Notice of Right to Sue letter.

3. Furthermore, even assuming *arguendo* that Plaintiff has exhausted his administrative remedies, Plaintiff has failed to plead sufficient facts to plausibly meet the elements of his hostile work environment claim under Title VII. Plaintiff must establish the harassment complained of was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere. See, *Decoster v. Becerra*, 119 F.4th 332, *8 (4th Cir. 2024). Plaintiff's allegations of "unfair discipline" and rude treatment by coworkers in his Complaint does not arise to the severe and pervasive standard necessary to establish a hostile work environment under Title VII. See e.g., *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006), "callous behavior by [one's] superiors*,*" *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000); *Dortch v. Cellco P'ship*, 770 F. App'x 643, 646 (4th Cir. 2019).

4. Plaintiff has also failed to plead sufficient facts to plausibly meet the elements of his Title VII discrimination claim, too. In his Complaint, Plaintiff does not allege fact(s) establishing he is a member of a protected class, had satisfactory job performance, or that he was treated differently than similarly situated employees outside his protected class. See, ECF No. 1;

see also *McRae v. Niagara Bottling*, No. 21-1884, 2022 U.S. App. LEXIS 4721, at *4 (4th Cir. Feb. 22, 2022); see also *Vincent v. AutoZone*, No. 5:20-cv-00186-M, 2020 U.S. Dist. LEXIS 180343, at *6 (E.D.N.C. Sep. 30, 2020) (dismissing plaintiff's claim where plaintiff's complaint failed to allege any facts regarding plaintiff's race, color, religion, sex, or national origin and plaintiff's complaint did not allege facts showing different treatment from similarly situated employees outside plaintiff's protected class).

5. Finally, Plaintiff has failed to plead sufficient facts to plausibly meet the elements of his Title VII retaliation claim. In his Complaint, while Plaintiff certainly alleges his *dissatisfaction* with the outcome of ODFL's investigation into his alleged internal complaints of discrimination and 'unequal enforcement of policies'", but nowhere does he allege any fact(s) regarding an *adverse employment action* occurring *after* raising his complaints in July 2025. (See generally, ECF No. 1). In short, Plaintiff has simply failed to plausibly plead in fact(s) he suffered an adverse employment action by ODFL "because of" engaging in protected activity and therefore cannot meet his *prima facie* burden under Title VII. See *Holloway v. Maryland*, 32 F.4th 293, 300 (4th Cir. 2022).

**WHEREFORE**, for these reasons, as well as those more fully outlined in its Memorandum of Law in Support of the same, Defendant Old Dominion Freight Line, Inc. respectfully requests an Order granting its Motion to Dismiss Plaintiff's Complaint (ECF No. 1).

*[signature to follow on next page]*

Respectfully submitted this the 6th day of November, 2025.

                              **JACKSON LEWIS P.C.**

BY:   */s/Joshua R. Adams*_____
        JOSHUA R. ADAMS
        N.C. State Bar No. 49038
        DANIEL Q. LEAKE II
        N.C. Bar No. 58370
        200 South College Street, Suite 1550
        Charlotte, North Carolina 28202
        Tel: (980) 465 7237
        Fax: (704) 333-7764
        Joshua.Adams@jacksonlewis.com
        Daniel.Leake@jacksonlewis.com
        *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-00741-FDW-DCK

| | |
|---|---|
| GEORGE ADRONG,<br><br>   Plaintiff,<br><br> v.<br><br>OLD DOMINION FREIGHT LINE, INC.<br><br>   Defendant. | **CERTIFICATE OF SERVICE** |

 The undersigned certifies that on November 6, 2025, the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, and mailed to the Pro Se Plaintiff at the following:

George Adrong
3713 Simmon St
Charlotte, NC 28208
P: 910-973-3085
E: georgeadrong04@gmail.com
*Pro Se Plaintiff*

                **JACKSON LEWIS P.C.**

     BY: */s/Joshua R. Adams*
         JOSHUA R. ADAMS
         N.C. State Bar No. 49038
         DANIEL Q. LEAKE II
         N.C. Bar No. 58370
         200 South College Street, Suite 1550
         Charlotte, North Carolina 28202
         Tel: (980) 465 7237
         Fax: (704) 333-7764
         Joshua.Adams@jacksonlewis.com
         Daniel.Leake@jacksonlewis.com
         *Attorneys for Defendant*